UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

-CIV-

Magistrate Judge **99-2112**

**CIV-UNGARO-BENAGES**

FILED BY _____ C
:TAKE

99 JUL 30 AM 11: 18

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

| | |
|---|---|
| ACCESS, NOW, INC., a Florida not-for-profit corporation; and EDWARD RESNICK, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>KEY INTERNATIONAL GROUP, INC., a Florida corporation, d/b/a Key International Lincoln Plaza Building,<br><br>Defendant. | MAGISTRATE JUDGE<br>BROWN |

## COMPLAINT

The PLAINTIFFS, ACCESS NOW, INC., a Florida not-for-profit corporation (hereinafter sometimes referred to as "ACCESS NOW") and EDWARD RESNICK, an individual, sue the DEFENDANT, KEY INTERNATIONAL GROUP, INC., a Florida corporation, d/b/a Key International Lincoln Plaza Building, and would show:

### Preliminary Statement

1.  This is an action brought pursuant to Title III of the Americans with Disabilities Act (hereinafter sometimes referred to as the "ADA"), 42 U.S.C. §§ 12181-12189 (ADA §§ 301-310) and 28 U.S.C. § 2201, seeking injunctive relief, a declaration of rights,

1

and attorneys' fees and costs, in order to remedy unlawful discrimination by the DEFENDANT, against the PLAINTIFFS in the DEFENDANT's place of public accommodation.

### Jurisdiction and Venue

2. This Court has original jurisdiction over this action under The Americans with Disabilities Act, Title III, found at 42 U.S.C. § § 12181, *et seq.*; 42 U.S.C. §§ 12188 and 12189, as well as 28 U.S.C. §§ 1331and 1343. ACCESS NOW, INC. and EDWARD RESNICK have a private right of action and are not required to exhaust administrative remedies.

3. Venue is proper in this judicial district pursuant to the ADA because the violations of the ADA took place in the Southern District of Florida, the members of ACCESS NOW, INC. and EDWARD RESNICK, individually, were affected by the violations of the ADA in the Southern District of Florida; and KEY INTERNATIONAL GROUP, INC. conducts business at 407 Lincoln Road, Miami Beach, FL 33139, in the Southern District of Florida.

### Parties

4. PLAINTIFF, ACCESS NOW, INC. (hereinafter sometimes referred to as "ACCESS NOW"), is a Florida not-for-profit corporation. Some of its members are qualified individuals with disabilities under the ADA. ACCESS NOW's primary purpose is to represent its members with disabilities who desire to gain access to commercial businesses and to provide assurance to these members that they have access to and the ability to use public spaces and commercial premises and not be excluded from participation in or be denied the benefits of the services, programs or activities

of public accommodations; and to assure its members that they are not discriminated against because of their disabilities. ACCESS NOW's organizational purpose is adversely affected by the DEFENDANT's refusal to comply with the ADA and alter the premises to bring them into compliance with the ADA. ACCESS NOW and its members have suffered direct and concrete injury as a result of the DEFENDANT's actions and inaction described herein, and continue to suffer such injury. ACCESS NOW has also been discriminated against because of its association with its members and their claims. ACCESS NOW, its members, and potential members, are injured when commercial businesses refuse to comply with the ADA and instead continue to discriminate against persons with disabilities.

5. PLAINTIFF, EDWARD RESNICK, is an individual with a disability within the meaning of the ADA. He has a mobility impairment and is a full-time wheelchair user. He resides in the City of Miami Beach.

6. The DEFENDANT, KEY INTERNATIONAL GROUP, INC., (hereinafter sometimes referred to as "KEY"), is a registered Florida corporation, licensed and doing business in Florida, and is the owner and operator of the Key International Lincoln Plaza Building a/k/a the 407 Lincoln Road Building (hereinafter sometimes referred to as "407 Lincoln Road" or the "BUILDING") and is conducting business at 407 Lincoln Road, Miami Beach, Florida 33139. The 407 Lincoln Road Building is a place of public accommodation because it is a private entity with operations affecting commerce.

### The Americans With Disabilities Act

7. On July 12, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C.

LAW OFFICES of ROSLYN L STEVENSON, P. A. • 20801 BISCAYNE BOULEVARD SUITE 400 • AVENTURA, FLORIDA 33180 • 305.935.9533 FAX 305.936.9757

§§ 12101, *et seq.*, establishing the most important civil rights for persons with disabilities in the history of the United States.

8.  In enacting the ADA, Congress expressly found that:

    a.  "some 43,000,000 Americans have one or more physical or mental disabilities..." (note: today that number is 49,000,000)

    b.  "historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

    c.  "discrimination against individuals with disabilities persists in such critical areas as ... employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public service;

    d.  "individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, communication, barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities;

    e.  "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue the opportunities for which our free society is justifiably famous, and cost the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity." 42 U.S.C. § 12101(a).

9.  In enacting the ADA, Congress explicitly stated that the purpose of the ADA was:

    a.  "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    b.  "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities ... [and]

    c.  "to invoke the sweep of Congressional authority ... to regulate commerce, in order to address the major areas of discrimination faced day-to-day by

LAW OFFICES of ROSLYN L STEVENSON, P. A. • 20801 BISCAYNE BOULEVARD SUITE 400 • AVENTURA, FLORIDA 33180 • 305.935.9533  FAX 305.936.9757

people with disabilities." 42 U.S.C. § 12101(b).

10. To that end, the ADA contains four substantive titles that address discrimination in the areas of employment, public services, public accommodations, and telecommunications.

11. Title III of the ADA applies, in part, to private entities with operations affecting commerce that fit within any of the twelve enumerated categories under the ADA's definition of "public accommodations." 42 U.S.C. § 12181 (7) (ADA § 301[7]). Among the enumerated categories are service establishments (ADA § 301[7][F])

12. The 407 Lincoln Road Building is a privately owned entity with operations affecting commerce and operates as a service establishment with many private offices doing business, as enumerated in the ADA. Therefore, the 407 Lincoln Road Building is a public accommodation for purposes of Title III of the ADA, and must be in compliance therewith. 42 U.S.C. § 12181 (7) and 28 C.F.R. §36.104.

13. The ADA designated the United States Department of Justice (DOJ) as the federal agency responsible for issuing regulations and handling administrative enforcement of Title III. 42 U.S.C. § 12188 (b) (ADA § 308 [b]). Regulations implementing Title III were issued on July 26, 1990.

14. Congress gave service establishments, and other commercial businesses eighteen months to implement the ADA. By January 26, 1992, the effective date of Title III of the ADA, or January 26, 1993, if defendant has ten or fewer employees and gross receipts of $500,000.00 or less, places of lodging, establishments serving food or drink, places of public gathering, and other commercial businesses were to modify existing practices, and exclusionary qualification standards and criteria,

LAW OFFICES of ROSLYN L STEVENSON, P. A. • 20801 BISCAYNE BOULEVARD SUITE 400 • AVENTURA, FLORIDA 33180 • 305.935.9533  FAX 305.936.9757

eliminate segregation, and make available all services, programs, activities, benefits and other opportunities. 42 U.S.C. § 12181; 28 C.F.R. § 36.508 (a).

### Count I

15. PLAINTIFFS, ACCESS NOW, INC. and EDWARD RESNICK, repeat and reallege each and every allegation of ¶¶ 1 through 14 and incorporate them herein by reference.

16. The DEFENDANT has discriminated against the individual PLAINTIFF and several of the corporation PLAINTIFF'S members by denying them access to, and full and equal enjoyment of the goods, services, facilities, privileges, and/or advantages of the 407 Lincoln Road Building, as prohibited by 42 U.S.C. §§ 12182 *et seq.*, and by failing to remove architectural barriers as required by 42 U.S.C. § 12182 (b) (2) (A) (iv).

17. The DEFENDANT is in violation of 42 U.S.C. §§ 12181 *et seq.*, 28 C.F.R. §§ 36.302 *et seq.* and is discriminating against the PLAINTIFF and members of the PLAINTIFF'S organization by failing to, among other things:

   a. Provide a strobe emergency warning system in the public areas of the BUILDING;

   b. Widen doors and doorways, provide requisite offset areas for opening doors, provide proper door hardware on doors, provide appropriate opening resistance on doors and/or provide appropriate closing delay on doors, to allow required access and an accessible route throughout the BUILDING and its facilities;

   c. Provide requisite signage for all accessible routes throughout the BUILDING and its facilities;

   d. Provide adequate and appropriate signage designating the location of restroom facilities for persons with disabilities;

LAW OFFICES of ROSLYN L STEVENSON, P. A. • 20801 BISCAYNE BOULEVARD SUITE 400 • AVENTURA, FLORIDA 33180 • 305.935.9533 FAX 305.936.9757

    e.    Provide drinking fountains with appropriate controls, spout height and/or accessibility;

    f.    Provide accessible restrooms and toilet facilities;

    g.    Provide wheelchair access to the public mailbox in the lobby;

    h.    Provide properly configured elevators; and

    i.    Other violations to be identified at a formal inspection.

18. The individual PLAINTIFF and the corporate PLAINTIFF'S members have been denied access to the BUILDING and its facilities and have been denied benefits of the facility's services, programs and activities, and have otherwise been discriminated against and damaged by the DEFENDANT, because of the DEFENDANT's ADA violations set forth above. The PLAINTIFFS will continue to suffer such discrimination, injury and damage without the relief provided by the ADA, as requested herein. Besides the individual PLAINTIFF'S claims asserted herein, similar claims are also asserted on behalf of the not-for-profit corporation and its other members, as the claims do not require the participation of each individual member.

19. The PLAINTIFFS have been obligated to retain the undersigned counsel for the filing and prosecution of this action, and have agreed to pay their counsel reasonable attorneys' fees, including the costs and expenses incurred in this action. The PLAINTIFFS are entitled to recover attorneys' fees, costs and expenses from the DEFENDANT pursuant to 42 U.S.C. §12205.

20. Pursuant to 42 U.S.C.§ 12188, this Court is provided authority to grant PLAINTIFFS' injunctive relief, including an order to alter the subject facility to make it readily

LAW OFFICES of ROSLYN L STEVENSON. P. A. • 20801 BISCAYNE BOULEVARD SUITE 400 • AVENTURA, FLORIDA 33180 • 305.935.9533 FAX 305.936.9757

accessible to and useable by individuals with disabilities to the extent required by the ADA, and to close the subject facility until the requisite modifications are completed.

21. The individual PLAINTIFF, EDWARD RESNICK, as well as the corporate PLAINTIFF's members with disabilities, will continue to suffer discrimination, humiliation and indignities, injury and damage unless they are afforded the relief requested herein.

**WHEREFORE,** the PLAINTIFFS respectfully request that this Court declare that the DEFENDANT's failure to remove barriers to accessibility and provide equal services to individuals with disabilities violates the ADA; issue a permanent injunction enjoining the DEFENDANT from continuing its discriminatory practices, ordering the DEFENDANT to alter the subject premises as appropriate to comply with the ADA, closing the subject premises until the requisite modifications are completed, and awarding the PLAINTIFFS their attorneys' fees, costs and expenses incurred in this action, and such other and further relief as this Court deems just and appropriate.

Dated: _July 23_____, 1999.

                                  Respectfully submitted,

                                  ROSLYN L. STEVENSON, P.A.
Attorneys for Plaintiffs
20801 Biscayne Boulevard  Suite 400
P.O. Box 800936
Aventura, FL 33280-0936
Telephone 305.935.9533
Fax  305.936.9757

By: _____
            ROSLYN L. STEVENSON
            Florida Bar No. 829803

# CIVIL COVER SHEET 99-2112
## CIV-UNGARO-BENAGES

### MAGISTRATE JUDGE BROWN

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

ACCESS NOW, INC., a Florida corporation; and EDWARD RESNICK, an individual

**DEFENDANTS**

KEY INTERNATIONAL GROUP, INC., a Florida corporation, d/b/a Key International Union Plaza Building

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** DADE
(EXCEPT IN U.S. PLAINTIFF CASES)

A.Dade 1:99cv2112/UB/Brown

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** MIAMI-DADE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

FILED by ___ JUL 30

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Roslyn L. Stevenson, P.A.
Roslyn L. Stevenson, Esq.
20801 Biscayne Blvd. Suite 400
Aventura, FL 33180 Tel: 305.935.9533

**ATTORNEYS (IF KNOWN)**

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. Sections 12181 et seq.

**IVa.** __2__ days estimated (for both sides) to try entire case

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS |  | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | A PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety/Health | B SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 380 Other Personnel Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | A LABOR | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12USC3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | B PRISONER PETITIONS | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | A FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment | Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General * | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other * | | | ☐ 890 Other Statutory Actions * A or B |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights * A or B | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

- ☒ 1. Original Proceeding
- ☐ 2. Removed From State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from another district (Specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $ _____
Check YES only if demanded in complaint: ☐ YES ☒ NO
JURY DEMAND:

**VIII. RELATED CASE(S) IF ANY** (See Instructions):
JUDGE _____ DOCKET NUMBER _____

**DATE** 7-23-1999

**SIGNATURE OF ATTORNEY OF RECORD** _[signature]_

UNITED STATES DISTRICT COURT
S/F I-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 806226
Date Paid: 07/30/99
Amount: 150.00
M/ifp: _____