UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

ACCESS NOW, INC., a Florida
not-for-profit corporation; and
EDWARD RESNICK, an individual,

    Plaintiffs,

vs.

KEY INTERNATIONAL GROUP,
INC., a Florida corporation, d/b/a
Key International Lincoln Plaza Building,

    Defendant.
_____/

CASE NO. 99-2112-
CIV-UNGARO-BENAGES

Magistrate Judge Brown

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Key International Group, Inc. d/b/a Key International Lincoln Plaza Building ("Key") files its Answer and Affirmative Defenses to the Complaint of Plaintiff Access Now, Inc. and Edward Resnick ("Plaintiffs"), alleging as follows:

1. Key admits that Plaintiffs attempt to bring an action against it for alleged violations of Title III of the American with Disabilities Act (the "ADA"), 42 U.S.C. §§12181-12189 (ADA §§301-310) and 28 U.S.C. §2201, but denies the Plaintiffs are entitled to any such relief and/or damages.

2. Key admits that the Court has jurisdiction over the ADA. Key is without knowledge as to the remainder of Plaintiffs' allegations in paragraph 2 of the Complaint and, therefore, denies same and demands strict proof thereof.

3. Key denies Plaintiffs' allegations in paragraph 3 of the Complaint since no violations as alleged occurred and demands strict proof thereof.

CASE NO. 99-2112-CIV-UNGARO-BENAGES

4.   Key is without knowledge as to the allegations contained in paragraph 4 of the Complaint and, therefore, denies same and demands strict proof thereof.

5.   Key is without knowledge as to the allegations contained in paragraph 5 of Plaintiffs' Complaint and, therefore, denies same and demands strict proof thereof.

6.   In response to paragraph 6 of Plaintiffs' Complaint, Key admits that it is a registered Florida corporation licensed and doing business in Florida. Key denies that it is the sole owner and operator of the Key International Lincoln Plaza Building a/k/a the 407 Lincoln Road Building and denies the remainder of Plaintiffs' allegations contained in paragraph 6 of the Complaint and demands strict proof thereof.

7.   To the extent that the allegations in paragraph 7 of Plaintiffs' Complaint are legal conclusions rather than factual assertions related to this case, Key is without knowledge as to Plaintiffs' allegations and, therefore, denies same and demands strict proof thereof.

8.   To the extent that the allegations in paragraph 8 of Plaintiffs' Complaint are legal conclusions rather than factual assertions related to this case, Key is without knowledge as to Plaintiffs' allegations and, therefore, denies same and demands strict proof thereof.

9.   To the extent that the allegations in paragraph 9 of Plaintiffs' Complaint are legal conclusions rather than factual assertions related to this case, Key is without knowledge as to Plaintiffs' allegations and, therefore, denies same and demands strict proof thereof.

10.   To the extent that the allegations in paragraph 10 of Plaintiffs' Complaint are legal conclusions rather than factual assertions related to this case, Key is without knowledge as to Plaintiffs' allegations and, therefore, denies same and demands strict proof thereof.

CASE NO. 99-2112-CIV-UNGARO-BENAGES

11. To the extent that the allegations in paragraph 11 of Plaintiffs' Complaint are legal conclusions rather than factual assertions related to this case, Key is without knowledge as to Plaintiffs' allegations and, therefore, denies same and demands strict proof thereof.

12. Key denies the allegations contained in paragraph 12 of Plaintiffs' Complaint and demands strict proof thereof.

13. To the extent that the allegations in paragraph 13 of Plaintiffs' Complaint are legal conclusions rather than factual assertions related to this case, Key is without knowledge as to Plaintiffs' allegations and, therefore, denies same and demands strict proof thereof.

14. To the extent that the allegations in paragraph 14 of Plaintiffs' Complaint are legal conclusions rather than factual assertions related to this case, Key is without knowledge as to Plaintiffs' allegations and, therefore, denies same and demands strict proof thereof.

15. In response to paragraph 15 of Plaintiffs' Complaint, Key repeats and re-alleges it responses to paragraphs 1 through 14 as set forth above.

16. Key denies the allegations contained in paragraph 16 of Plaintiffs' Complaint and demands strict proof thereof.

17. Key denies the allegations contained in paragraph 17 of Plaintiffs' Complaint and all sub-parts thereof and demands strict proof thereof.

18. Key denies the allegations contained in paragraph 18 of Plaintiffs' Complaint and demands strict proof thereof.

19. Key denies the allegations contained in paragraph 19 of Plaintiffs' Complaint and demands strict proof thereof.

CASE NO. 99-2112-CIV-UNGARO-BENAGES

20.  Key is without knowledge as to the allegations contained in paragraph 20 of Plaintiffs' Complaint and, therefore, denies same and demands strict proof thereof.

21.  Key denies the allegations contained in paragraph 21 of Plaintiffs' Complaint and demands strict proof thereof.

22.  Key denies all further allegations contained in Plaintiffs' Complaint not previously responded to herein.

NOW, THEREFORE, Key, having responded to all of the allegations contained in Plaintiffs' Complaint, states its affirmative defenses as follows:

1.  Plaintiffs have failed to state a cause of action upon which relief can be granted.

2.  Plaintiffs are not entitled to the relief claimed under the ADA as against Key, including fees and costs.

3.  Plaintiffs claims are barred under the doctrine of laches.

4.  Plaintiffs are barred from obtaining any relief sought by reason of their own unclean hands.

5.  Plaintiffs are barred from obtaining any relief sought since they lack standing to bring such claims under Title III of the ADA.

6.  Plaintiffs are barred from obtaining any relief sought by reason of the applicable Statute of Limitations.

7.  Plaintiffs are barred from obtaining any relief sought since Plaintiffs failed to mitigate their alleged damages.

8.  Plaintiffs are barred from obtaining any relief sought since it is structurally

CASE NO. 99-2112-CIV-UNGARO-
BENAGES

impracticable to further alter, construct or modify the premises so that it is completely and/or readily accessible for individuals with alleged disabilities or to comply with the alleged ADA violations stated in the Complaint.

9. Plaintiffs are barred from obtaining any relief sought since any alleged failure to remove architectural barriers or communication barriers is due to the removal of such not being readily achievable.

10. Plaintiffs are barred from obtaining any relief sought since third parties not under Key's control are the only persons and/or entities with the ability, if at all, to remove architectural barriers or communication barriers or to comply with the alleged ADA violations stated in the Complaint.

11. Plaintiffs are barred from obtaining any relief sought since Key made no structural changes or modifications to fall outside of the "grandfathering" provisions of the ADA.

12. Plaintiffs are barred from obtaining any relief sought since Key states that it is not guilty of any act and/or omission it did not cause, nor contribute to cause, nor are any of the alleged damages claimed by Plaintiffs attributable to Key.

13. Plaintiffs are barred from obtaining any relief sought since Plaintiffs' claims for damages and/or request for injunctive relief, if any, must be reduced and/or not effectuated to the extent that Key has already complied with its alleged obligations, if any, under the ADA.

14. Plaintiffs are barred from obtaining any relief sought since Key, in whole or in part, is not covered by the ADA.

15. Plaintiffs are barred from obtaining any relief from Key by virtue of the fact that Key

CASE NO. 99-2112-CIV-UNGARO-BENAGES

does not control those portions of the building for which Plaintiffs' demand architectural or communication changes.

WHEREFORE, Key respectfully requests that this Court enter judgment against Plaintiffs and award Key its costs and reasonable attorney's fees pursuant to 42 U.S.C. §12188, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

MURAI, WALD, BIONDO & MORENO
Attorneys for Key
900 Ingraham Building
25 Southeast Second Avenue
Miami, FL 33131
Telephone: (305)358-5900

By: _____
LYNETTE EBEOGLU MCGUINNESS
Florida Bar No. 813648

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Answer and Affirmative Defenses was mailed this 24th day of August, 1999 to Roslyn L. Stevenson, P.A., 20801 Biscayne Boulevard, Suite 400, P.O. Box 800936, Aventura, Florida 33280.

By: _____
Lynette Ebeoglu McGuinness

G:\DATA\KEYINT\Access Now\Answer and Affirmative Defenses